UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY A. TAYLOR, JR.,

    Petitioner,

    v.      CAUSE NO. 3:20-CV-020-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Gregory A. Taylor, Jr., a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction and sentence for criminal confinement in Cause No. 20D03-1312-FB-000145. Following a jury trial in the Elkhart Superior Court, Taylor was sentenced to twenty years in prison on July 9, 2015.[1] Before considering the merits of a habeas petition, the court must ensure the petitioner exhausted all available remedies in state court as required by 28 U.S.C. § 2254(b)(1)(A). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

> Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court

---

[1] *See State of Indiana v. Taylor*, No. 20D03-1312-FB-000145, filed Dec. 18, 2013, available at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImFudEN5RGYz ZzRRQnMwdmtYdTNHdUpyVFN4NTBzcE5qeGt5dWlqUlR1ZU0xIn19 (last visited May 11, 2020).

system, including levels at which review is discretionary rather than mandatory.

*Id*. at 1025-26 (internal citation omitted).

Taylor raises two grounds in his petition—that his counsel was ineffective for failing to ensure he received a competency hearing and that he has been denied due process in his post-convictions proceedings because he has not yet received his trial transcripts. ECF 11 at 3. He admits that he has not presented either issue to the Indiana Supreme Court. *Id.*[2] He has filed a petition for post-conviction relief, but it remains pending. *Id.*[3] Therefore, he has not exhausted his state court remedies, and this case must be dismissed without prejudice so that he can exhaust his claims in the state courts. Taylor is advised that if, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, the court must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The one-year limitations period for federal habeas review begins to accrue when a conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the Indiana Supreme

---

[2] While he filed a direct appeal, he did not raise either of the aforementioned issues there. *See Taylor v. State*, No. 20A05-1507-CR-1050, 2016 WL 1274082 (Ind. Ct. App. Mar. 31, 2016) (unpublished table decision).

[3] *See Taylor v. State*, No. 20D03-1608-PC-000039, filed Aug. 9, 2016, available at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImprSF9ZNjdnS VhfOVg0MzI1eFRFWGRHTjJfaE1keVVsQm00zejVYQzkxQmcxIn19 (last visited May 11, 2020).

2

Court denied Taylor's petition for transfer of his original criminal appeal on June 3, 2016.[4] He did not file a petition for certiorari to the United States Supreme Court.[5] Nevertheless, he had 90 days—or until September 1, 2016—to do so. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires.") Prior to that deadline, however, Taylor filed his state post-conviction relief petition on August 9, 2016, which tolled the federal limitations period pursuant to § 2244(d)(2); that petition remains pending in state court.[6] Therefore, dismissing this petition will not effectively end Taylor's chance at federal habeas corpus review, and a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claims presented by Taylor are unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a

---

[4] *See Taylor v. State*, No. 20A05-1507-CR-1050, 51 N.E.3d 247 (Ind. June 3, 2016) (unpublished table decision).

[5] *See Taylor v. State*, No. 20A05-1507-CR-1050, filed July 31, 2015, available at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IkhRTlI0OUdqS2VXU1FWT0tNVm0xSzRHWnBwSEhickZ2OUNvUDhGdVhZWEExIn19 (last visited on May 11, 2020).

[6] *See* footnote 3.

reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 11, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT